CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

6/30/24

LAURA A. AUSTIN, CLERK
BY:    s/ K Dotson
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| MADISON WHITFIELD, MORGAN COFFMAN, ANGELA WAMPLER, ALLISHA SHIFFLETT, NATHAN STILLMAN, MICHAEL SELBY, MAEGHAN KISLING, DALE HOUSDEN, TERRY CHAPMAN, DEREK FRANKS, JAEGER SCHUTT, and BRANDON REIFSNYDER<br><br>on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>PAGE COUNTY FIRE & EMS, COUNTY OF PAGE, VIRGINIA<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Case No. \_\_\_\_5:24cv00048_____ |

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Named Plaintiffs Madison Whitfield, Morgan Coffman, Angela Wampler, Allisha Shifflett, Nathan Stillman, Michael Selby, Maeghan Kisling, Dale Housden, Terry Chapman, Derek Franks, Jaeger Schutt, and Brandon Reifsnyder ("Named Plaintiffs"), by counsel, for themselves and all others similarly situated, hereby set forth this collective and class action complaint against Defendants Page County Fire & EMS and the County of Page, Virginia.

## <u>STATEMENT OF THE CASE</u>

1.    This action arises out of Defendant's systemic policy of failing to pay its employees for all hours worked and for overtime hours worked at the appropriate overtime rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Virginia

Overtime Wage Act, Code of Virginia § 40.1-29.2 ("VOWA"), and the Virginia Wage Payment

Act, Code of Virginia § 40.1-29 ("VWPA").

2.      Named Plaintiffs are current and former Emergency Medical Service Technicians

("EMTs") employed by Defendant County of Page, Virginia and Page County Fire & EMS

(collectively "PCFEMS" or "Defendant") within the three years preceding the date of this

Complaint. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid or

improperly withheld wages, overtime compensation, liquidated, and trebled damages under

VOWA, rebled damages under VWPA, and withheld wages, overtime compensation, liquidated

damages under the FLSA, as well as attorneys' fees and costs, for themselves and others

similarly situated.

## PARTIES

3.      County of Page, Virginia is a county in the Commonwealth of Virginia. It is a

joint employer of Plaintiffs, or alter ego or integrated entity, with Page County Fire & EMS.

4.      Page County Fire & EMS is a joint employer of Plaintiffs, or alter ego or

integrated entity, with the County of Page, Virginia. Among the services provided by PCFEMS

are the provision of emergency and rescue services through the use of Emergency Medical

Technicians ("EMT").

5.      Defendant is an "employer" within the meaning of 29 U.S.C. § 207(a)(1). At all

times relevant, Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d).

6.      Defendant is an "enterprise" which is "engaged in commerce" within the meaning

of 29 U.S.C. 203(s)(1).

7.      Plaintiff Madison Whitfield ("Ms. Whitfield") is a resident of the Commonwealth

of Virginia and served as an EMT with PCFEMS from May 2017 to March 2022. Ms. Whitfield

worked for Defendant full-time from July 2019 to March 2022.

8.    Plaintiff Morgan Coffman ("Ms. Coffman") is a resident of the Commonwealth of Virginia and served as an EMT with PCFEMS from December 2019 to present.

9.    Plaintiff Angela Wampler ("Ms. Wampler") is a resident of the Commonwealth of Virginia and served as an EMT with PCFEMS from March 2022 to January 2024.

10.    Allisha Shifflett ("Ms. Shifflett") served as an EMT with PCFEMS from January 2020 to September 2022.

11.    Plaintiff Nathan Stillman ("Mr. Stillman") served as an EMT with PCFEMS from February 2020 to August 2023.

12.    Plaintiff Michael Selby ("Mr. Selby") served as an EMT with PCFEMS from February 2021 to present.

13.    Plaintiff Brandon Reifsnyder ("Mr. Reifsnyder") first served as a part-time EMT with PCFEMS from 2010 to June 2013, and has been a full-time EMT with PCFEMS from July 2013 to present.

14.    Plaintiff Maeghan Kisling ("Ms. Kisling") is a resident of the Commonwealth of Virginia and served as an full-time EMT with PCFEMS from December 2020 to October 2021 to present, with the exception of a period from October 2021 to March 2022 during which Ms. Kisling served as a part-time EMT for PCFEMS.

15.    Plaintiff Dale Housden ("Mr. Housden") served as an EMT with PCFEMS full-time October 2021 to May 2023, and has been part-time with PCFEMS from June 2023 to present.

16.    Plaintiff Terry Chapman ("Mr. Chapman") served as an EMT with PCFEMS from August 2021 to August 2022.

17.    Plaintiff Derek Franks ("Mr. Franks") served as an EMT with PCFEMS from October 2019 to present.

18.    Plaintiff Jaeger Schutt ("Mr. Schutt") served as a full-time EMT with PCFEMS from approximately September 2022 to May 2024 and has been a part-time EMT with PCFEMS from May 2024 to present.

19.    Plaintiffs each either currently or formerly worked for Defendant. At all relevant times, Plaintiffs have been employed by Defendant within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e)(2) and were "employees" as the term is defined for purposes of VOWA.

20.    Plaintiffs bring this action on behalf of themselves and other similarly situated current and former nonexempt employees of Defendant who were, or are, employed by Defendant as EMTs, who did not engage in fire protection activities, and who were subject to the same uniform pay practices and policies described below.

## JURISDICTION AND VENUE

21.    Plaintiffs bring this collective and class action against Defendant for violations of Virginia Code § 40.1-29, Virginia Code § 40.1-29.2, and 29 U.S.C. § 201, *et. seq*.

22.    This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

23.    Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims under VOWA and VWPA because those state law claims arise out of the same nucleus of operative fact as the FLSA claims.

24.    This Court has jurisdiction over Defendant because it operates in the Commonwealth of Virginia within this judicial district.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within the Eastern District of Virginia, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## CLASS AND COLLECTIVE REPRESENTATIVE ACTION ALLEGATIONS

26.     Named Plaintiffs bring the First Cause of Action of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

27.     Collective action class members (the "FLSA class") include Named Plaintiffs and all those similarly situated who were or are current and former nonexempt employees of Defendant who were, or are, employed by Defendants as EMTs who did not engage in fire protection activities and who were subject to the same uniform pay practices and policies, and were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

28.     Members of the FLSA class are similarly situated.

29.     Members of the FLSA class have substantially similar job requirements and pay provisions, and are subject to common practices, policies, or plans that fail to compensate them for all work performed.

30.     There are numerous (at least 50) similarly situated current and former EMTs or similar positions that fall within the scope of the aforementioned FLSA class.

31.     These similarly situated employees and former employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Members of

the proposed FLSA class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

32.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs.

33.    Named Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

34.    Named Plaintiffs request that they be permitted to serve as representatives of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

35.    Named Plaintiffs reserve the right to establish subclasses, or modify any class or subclass definition, as appropriate.

36.    Members of the class and/or any subclasses will be collectively referred to as "class members." Named Plaintiffs reserve the right to re-define the class and add additional Subclasses as appropriate based on investigation, discovery, and specific theories of liability.

## **RULE 23 VOWA CLASS ACTION ALLEGATIONS**

37.    Named Plaintiffs bring the Second Cause of Action of the instant Complaint as a class action pursuant to Rule 23 on behalf of a class of similarly situated employees for claims under VOWA (the "VOWA class").

38.    The VOWA class are those Named Plaintiffs, and similarly situated individuals, who worked for Defendant at any time between July 1, 2021 to the present and who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per

week, within three (3) years prior to the commencement of this action, through the date of

judgment or final disposition in this action.

39.     VOWA Plaintiffs bring the Second Cause of Action of the instant Complaint as a

class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf

of themselves and all similarly situated employees, for relief to redress and to remedy

Defendant's violations of VOWA, Virginia Code § 40.1-29.2, *et seq*.

40.     VOWA Plaintiffs bring their claims as a class action pursuant to Rule 23(a) and

(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated

employees, for relief to redress and remedy Defendant's violations of VOWA.

41.     Pursuit of this action as a class will provide the most efficient mechanism for

adjudicating the claims of Named Plaintiffs and the putative VOWA class Plaintiffs.

42.     Named Plaintiffs reserve the right to establish subclasses, or modify any class or

subclass definition, as appropriate.

43.     Members of the class and/or any subclasses will be collectively referred to as

"class members." Named Plaintiffs reserve the right to re-define the class and add additional

Subclasses as appropriate based on investigation, discovery, and specific theories of liability.

44.     <u>Common Questions Predominate</u>: There is a well-defined commonality of interest

in the questions of law and fact involving and affecting the proposed class, and these common

questions of law and fact predominate over any questions affecting members of the proposed

class individually, in that all putative class members have been harmed by Defendant's failure to

lawfully compensate them. The common questions of law and fact include, but are not limited to,

whether Defendant failed to compensate putative Class Members at the statutorily required

overtime rate for all hours worked in excess of forty (40) each week and whether Defendant's conduct was willful, reckless, or done knowingly.

45.    There is a well-defined commonality of interest in this litigation and the proposed Class is readily ascertainable:

46.    <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises at least 50 individuals. The identities of the Class Members are readily ascertainable by inspection of Defendant's employment and payroll records.

47.    <u>Typicality</u>: The claims of the Plaintiffs are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All putative Class Members were subject to the same compensation practices of Defendant, as alleged herein, of failing to pay employees for all pre- and/or post-shift work. Defendant's compensation policies and practices affected all putative Class Members similarly, and Defendant benefited from the same type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiffs and members of the proposed Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

48.    <u>Adequacy of Representation</u>: Named Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due them and the Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in

litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur, attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

49.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

50.    <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

51.    Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs and members of the proposed class.

## RULE 23 VWPA CLASS ACTION ALLEGATIONS

52.    Named Plaintiffs bring the Third Cause of Action of the instant Complaint as a class action pursuant to Rule 23 on behalf of a class of similarly situated employees for claims under VWPA (the "VWPA class").

53.    The VWPA class are those Named Plaintiffs, and similarly situated individuals, who worked for Defendant at any time between July 1, 2021 to the present and who suffered delayed payment of wages and illegal deductions from earned wages within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

54.    VWPA Plaintiffs bring the Third Cause of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and to remedy Defendant's violations of VWPA, Virginia Code § 40.1-29, *et seq*.

55.     VWPA Plaintiffs bring their claims as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendant's violations of VWPA.

56.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs and the putative VWPA class Plaintiffs.

57.     Named Plaintiffs reserve the right to establish subclasses, or modify any class or subclass definition, as appropriate.

58.     Members of the class and/or any subclasses will be collectively referred to as "class members." Named Plaintiffs reserve the right to re-define the class and add additional Subclasses as appropriate based on investigation, discovery, and specific theories of liability.

59.     <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendant's failure to lawfully compensate them. The common questions of law and fact include, but are not limited to, whether Defendant failed to compensate putative Class Members at the statutorily required overtime rate for all hours worked in excess of forty (40) each week and whether Defendant's conduct was willful, reckless, or done knowingly.

60.     There is a well-defined commonality of interest in this litigation and the proposed Class is readily ascertainable:

61.     <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon

information and belief, the class comprises at least 50 individuals. The identities of the Class

Members are readily ascertainable by inspection of Defendant's employment and payroll

records.

62.    Typicality: The claims of the Plaintiffs are typical of the claims which could be

alleged by any member of the putative Class, and the relief sought is typical of the relief which

would be sought by each member of the Class in separate actions. All putative Class Members

were subject to the same compensation practices of Defendant, as alleged herein, of failing to

pay employees for all pre- and/or post-shift work. Defendant's compensation policies and

practices affected all putative Class Members similarly, and Defendant benefited from the same

type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiffs and

members of the proposed Class sustained similar losses, injuries, and damages arising from the

same unlawful policies, practices, and procedures.

63.    Adequacy of Representation: Named Plaintiffs will fairly and adequately

represent and protect the interests of all members of the Class because it is in their best interest to

prosecute the claims alleged herein to obtain full compensation and penalties due them and the

Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in

litigating large employment class actions and versed in the rules governing class action

discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of

this action, will continue to incur, attorneys' fees and costs that have been and will be necessarily

expended for the prosecution of this action for the substantial benefit of each class member.

64.    Superiority: A class action is superior to other available means for the fair and

efficient adjudication of this controversy. Individual joinder of all class members is

impracticable. Class action treatment will permit many similarly situated persons to prosecute

their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

65.    <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

66.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs and members of the proposed class.

**FACTUAL ALLEGATIONS**

67.     Named Plaintiffs, and all others similarly situated are, or were, non-exempt employees employed to operate and work as non-fire protection EMTs for Defendant within the last three (3) years.

68.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Named Plaintiffs occupy or have occupied.

69.     At all times relevant hereto, Named Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

70.     For the period from July 1, 2021 to the present, VOWA Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under VOWA.

71.     For the period from July 1, 2021 to the present, VWPA Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the VWPA.

72.     Named Plaintiffs, and all those similarly situated, perform, and have performed, functions which entitle them to receive overtime compensation, yet Defendant has willfully refused to accurately pay them owed overtime wages.

73.     Defendant compensated Named Plaintiffs and all those similarly situated on a uniform basis common to all non-exempt employees performing similar functions.

74.     All of Defendant's operations are centrally managed, and all of the EMTs working for Defendant perform functions similar to Named Plaintiffs and are subject to common,

14

uniform timekeeping and payroll practices. Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all similarly situated employees in the performance of their duties for Defendant.

75.    The FLSA "collective" class of similarly situated employees is composed of all present and former employees who worked as EMTs for Defendant in non-fire protection capacities, who performed the same or similar job functions as Named Plaintiffs and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of filing this action.

76.    Named Plaintiffs assert that Defendant's willful disregard of the FLSA described herein entitles them and similarly situated employees to the application of the three (3) year limitations period.

77.    Throughout the employment of each of the Named Plaintiff

78.    s, they were classified as non-exempt and were compensated by the hour, and therefore, were entitled to overtime compensation at a rate one and one-half times his regular hourly rate for all hours worked beyond forty (40) in a single week.

79.    Named Plaintiffs, and others similarly situated, were routinely scheduled for, and worked hours well in excess of 40 in many weeks during the relevant time period.

80.    At all relevant times, Named Plaintiffs, and others similarly situated, were normally scheduled for, and worked, at least one-hundred and six hours during each two-week period, amounting to approximately two-hundred and twelve hours per month.

81.    Due to short staffing, Named Plaintiffs would, at times, work shifts as long as ninety-six hours.

82.    Defendant did not pay overtime for any hours worked by Named Plaintiffs, and others similarly situated, for those hours between one-hundred and sixty hours per month and two-hundred and twelve hours per month.

83.    For those hours between one-hundred and sixty hours per month and two-hundred and twelve hours per month, Defendant only paid straight time to Named Plaintiffs and others similarly situated.

84.    For hours above two-hundred and twelve hours per month, Defendant paid overtime in certain circumstances.

85.    Defendant developed a payment scheme wherein Named Plaintiffs and others similarly situated would only receive straight time on their first check of the month, regardless of how many hours Named Plaintiffs worked.

86.    On the second check of each month, Named Plaintiffs and others similarly situated would receive straight time payment for the hours worked during the second half of the month and an overtime premium for those hours worked in excess of two-hundred and twelve hours in that month.

87.    In addition, Defendant used an illegal scheme to recoup leave hours used by Named Plaintiffs.

88.    When a Named Plaintiff or others similarly situated used leave of any sort, rather than subtracting those hours from that individual's accrued leave, Defendant would deduct those hours from the overtime hours worked by that Named Plaintiffs or others similarly situated.

89.    For example, if an individual Named Plaintiff or any others similarly situated took three days of leave during a month, Defendant would reduce that individual's overtime hours by twenty-four hours per day of leave, or a total of seventy-two hours.

90.    Pursuant to § 207(k) of the FLSA, a governmental employer may elect to pay employees engaged in fire protection activities overtime according to a sliding scale (*See* 29 CFR § 553.230) and need not adhere to the otherwise applicable 7 day / 40 hour standard work week.

91.    Defendant pays, or paid, overtime to its EMTs as if they are employees "engaged [in] fire protection activities" within the ambit of 29 CFR § 553.210. Defendant pays, or paid, straight time for each hour worked by Named Plaintiffs, and all others similarly situated, but does not pay overtime under any circumstances.

92.    29 CFR § 553.210(a) covers only employees who are "trained in fire suppression, ha[ve] the legal authority and responsibility to engage in fire suppression, and [are] employed by a fire department of a municipality, county, fire district, or State; and (2) [are] engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk."

93.    Named Plaintiffs, and those similarly situated, do not meet the above criteria.

94.    Despite being required to pay Named Plaintiffs, and all others similarly situated, for overtime for all hours worked beyond forty (40) in a single week, Defendant simply did not pay overtime.

95.    Defendant has required, suffered, and/or permitted Named Plaintiffs and other similarly situated non-exempt employees to work hours beyond 40 in a work week without overtime compensation in violation of the FLSA and VOWA.

96.    Defendant is in possession of pay records which reflect that it did not pay any overtime premium to Plaintiffs or similarly situated EMTs when they worked more than 40 hours per week.

97.    Defendant has willfully, and systemically engaged in the unlawful uniform policies and practices described herein with respect to Plaintiff, and those similarly situated, in violation of the FLSA and VOWA.

98.    Defendant was on notice, both actual and constructive, of its violations of the FLSA and VOWA. Named Plaintiffs complained about Defendant's failure to pay overtime, specifically citing that they were not engaged in fire-suppression, and Defendant knew of at least one other county in Virginia which faced similar litigation related to the misclassification of EMTs as employees engaged in fire-suppression.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### by Named Plaintiffs and on behalf of all others similarly situated

99.    The allegations of the forthgoing paragraphs are incorporated as if realleged herein.

100.    At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice, and policy of not compensating Named Plaintiffs and similarly situated non-exempt employees in accordance with federal mandates for certain overtime work performed for Defendant's benefit.

101.    The FLSA requires covered employers such as Defendant to compensate non-exempt employees like the Named Plaintiffs and those similarly situated at a rate of not less than one and one-half time the regular rate of pay for work performed in excess of forty (40) hours a week.

102.    At all times relevant hereto, Defendant knew the FLSA applied to Plaintiff and others similarly situated.

103.    At all times relevant hereto, Defendant had knowledge of their obligation under the FLSA to pay employees overtime compensation for hours worked in excess of forty (40) hours a week.

104.    At all times relevant hereto, Defendant had knowledge that Named Plaintiffs, and others similarly situated, worked significant overtime hours that Defendant's compensation policies undervalued or wholesale ignored. Defendant required such hours be worked and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice. Defendant also should have had knowledge that Plaintiffs were not employees within the ambit of § 207(k) of the FLSA.

105.    Despite knowledge of its obligations under the FLSA, Defendant suffered and permitted Named Plaintiffs and similarly situated employees to routinely work in excess of forty (40) hours in a week without paying all overtime compensation due.

106.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew of, or showed reckless disregard for, the fact that their compensation practices were in violation of the FLSA.

107.    Named Plaintiffs, and other similarly situated present and former employees, are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

108.    Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant has no legitimate reason to believe its actions and omissions were not a violation of the FLSA, thus entitling Plaintiff, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

19

**COUNT II**
**VIOLATION OF THE VIRGINIA OVERTIME WAGE ACT**
**by VOWA Plaintiffs and on behalf of all others similarly situated**

109.    The allegations of the forthgoing paragraphs are incorporated as if realleged herein.

110.    VOWA provides that it is unlawful to employ persons for over forty (40) hours in a workweek without compensating them at a rate of pay of one and one- half times the person's regular rate of pay.

111.    The version of VOWA, Virginia Code § 40.1-29.2 in effect between July 1, 2021 and June 30, 2022, provided additional damages and remedies available to Plaintiffs, including the possibility of treble damages for a "knowing" violation by Defendant.

112.    At all times since July 1, 2021, Defendant was required to compensate the VOWA class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) per week.

113.    VOWA Plaintiffs and class members were non-exempt employees entitled to the protections of VOWA.

114.    During the relevant time period, Defendant failed to pay VOWA Plaintiffs and class members overtime wages for all overtime hours worked.

115.    At all times relevant hereto, Defendant had knowledge of their obligations under VOWA to pay employees overtime compensation for hours worked in excess of forty (40) hours a week.

116.    In violation of VOWA, Defendant knowingly and willfully refused to perform its obligations and compensate VOWA Plaintiffs and class members for all wages earned and all hours worked, including unpaid work performed as alleged above.

20

117.    Defendant's failure to pay VOWA Plaintiffs and class members the unpaid balance of overtime compensation, as required by Virginia law, violated the provisions of VOWA, and is therefore unlawful.

118.    Pursuant to VOWA, the VOWA class members are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees.

119.    Additionally, because VOWA provided for additional damages between July 1, 2021 and June 30, 2022, and because Defendant knowingly failed to pay wages to Plaintiffs in accordance with VOWA, members of the VOWA class employed during such dates are entitled to an amount equal to triple the amount of wages due.

**COUNT III**
**VIOLATION OF THE VIRGINIA WAGE PAYMENT ACT**
**by VWPA Plaintiffs and on behalf of all others similarly situated**

120.    The allegations of the forthgoing paragraphs are incorporated as if realleged herein.

121.    VWPA provides that no employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law.

122.    In each month of Named Plaintiffs' employment with Defendant, PCFEMS illegally withheld wages earned during the first payroll period of each month until the second payroll period of that month with no legally permissible justification and without a written authorization from Named Plaintiffs to withhold those wages.

123.    Defendant further illegally withheld wages at times when a Named Plaintiff used leave of any sort. Rather than subtracting those hours from that individual's accrued leave,

Defendant would deduct those hours from the overtime hours worked by Named Plaintiffs in violation of the VWPA.

124.    At all times relevant hereto, Defendant had knowledge of their obligations under the VWPA not to withhold wages from Named Plaintiffs except under the limited circumstances allowed by the VWPA.

125.    In violation of the VWPA's withholding provisions, Defendant knowingly and willfully withheld wages from the VWPA Plaintiffs and class members.

126.    Defendant's withholding of pay from VWPA Plaintiffs and class members violated the withholding provisions of VWPA, and is therefore unlawful.

127.    Pursuant to VWPA, the VWPA class members are entitled to recover their illegally withheld wages, as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees.

128.    Additionally, the VWPA, provides additional damages and remedies available to Plaintiffs, including the possibility of treble damages for a "knowing" violation by Defendant.


## PRAYER FOR RELIEF

Named Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for relief and judgment against Defendant, as follows:

A.    For certification of this action as a collective action under the FLSA, including certifying the Class alleged by Named Plaintiffs;

B.    To issue notice of this collective action at the earliest possible time, or allow Named Plaintiffs to do so, to all individuals who were, are, or will be current and former nonexempt employees of Defendant who were, or are, employed by Defendants as EMTs who

did not engage in fire protection activities and who were subject to the same uniform pay

practices and policies, and were not fully compensated for all of their hours worked, including,

but not limited to, above forty (40) per week, within three (3) years prior to the commencement

of this action, through the date of judgment or final disposition in this action. Such notice shall

inform them that this civil action has been filed, of the nature of the action, and of their right to

join this lawsuit if they believe they were denied proper wages;

C.      For appointment of Named Plaintiffs as the class representatives;

D.      For appointment of undersigned counsel as co-lead class counsel for all purposes;

E.      For certification of this action as a collective action under FLSA, and designate

Named Plaintiffs as the representatives on behalf of all those similarly situated;

F.      For certification of this action as a class action under VOWA, and designate

Named Plaintiffs as the representatives on behalf of all those similarly situated under VOWA

class;

G.      For certification of this action as a class action under the VWPA, and designate

Named Plaintiffs as the representatives on behalf of all those similarly situated under VOWA

class;

H.      Award Named Plaintiffs and all those similarly situated Class Plaintiffs actual

damages in the amount of all wages found due to Named Plaintiffs and those similarly situated

Class Plaintiffs and an award of liquidated damages as provided by the FLSA, the VWPA, and

VOWA, including an award of treble damages under VOWA during the applicable VOWA

period from July 1, 2021 to June 30, 2022, and treble damages under the VWPA at all relevant

times;

I.      Award Named Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

J.      Award Plaintiffs attorneys' fees, costs, and interest pursuant to the FLSA, U.S.C. § 216(b), pursuant to the VWPA, Virginia Code § 40.1-29.2, and pursuant to the VOWA, Virginia Code § 40.1-29.2;

K.      Award Named Plaintiffs and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

### PLAINTIFFS DEMAND A TRIAL BY JURY.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

June 30, 2024                                        Respectfully,


/s/ *Joshua Erlich*
Joshua Erlich, VA Bar No. 81298
Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Tel:    (703) 791-9087
Fax:    (703) 722-8114
Email: jerlich@erlichlawoffice.com
             kherrmann@erlichlawoffice.com

/s/ *Zev Antell*
Zev Antell (VSB No. 74634)
Craig Juraj Curwood (VSB No. 43975)
ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804.648.4848
Fax: 804-237-0413
Email:  zev@butlercurwood.com
             craig@butlercurwood.com

*Counsel for Plaintiffs and the putative*
*collective and class members*