IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

MADISON WHITFIELD, MORGAN
COFFMAN, ANGELA WAMPLER,
ALLISHA SHIFFLETT, NATHAN
STILLMAN, MICHAEL SELBY,
MAEGHAN KISLING, DALE HOUSDEN,
TERRY CHAPMAN, DEREK FRANKS,
JAEGER SCHUTT, AND BRANDON
REIFSNYDER,

   Plaintiffs,

v.                                    Case No. 5:24cv00048

PAGE COUNTY FIRE & EMS, COUNTY OF
PAGE, VIRGINIA,

   Defendant.

## ANSWER TO COMPLAINT

NOW COMES the County of Page, Virginia ("the County"), by counsel, and for its Answer to Plaintiffs' Collective and Class Action Complaint, hereby denies that it is liable to Plaintiffs in any way, and further states as follows:

## STATEMENT OF THE CASE

1. In answer to Paragraph 1 of the Complaint, the County admits that Plaintiffs attempt to state a claim under the Fair Labor Standards Act ("FLSA"), the Virginia Overtime Wage Act ("VOWA") and the Virginia Wage Payment Act ("VWPA"), but denies the remaining allegations in the manner and form alleged.

2. In answer to Paragraph 2 of the Complaint, the County admits that Plaintiffs are either current or former employees of the County, but denies the remaining allegations and specifically deny that the Plaintiffs are entitled to the relief requested.

## PARTIES

3. In answer to Paragraph 3 of the Complaint, the County admits it is a County in the Commonwealth of Virginia, but denies the remaining allegations contained therein.

4. In answer to Paragraph 4 of the Complaint, the County denies the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, the County avers the allegations merely constitute legal conclusions for which no response is required.

6. In answer to Paragraph 6 of the Complaint, the County avers the allegations merely constitute legal conclusions for which no response is required.

7. In answer to Paragraph 7 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

8. In answer to Paragraph 8 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

9. In answer to Paragraph 9 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

10. In answer to Paragraph 10 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

11. In answer to Paragraph 11 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

12. In answer to Paragraph 12 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

13. In answer to Paragraph 13 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

14. In answer to Paragraph 14 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

15. In answer to Paragraph 15 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

16. In answer to Paragraph 16 of the Complaint, the County admits that Plaintiff was employed by the County, but denies the remaining allegations in the manner and form alleged.

17. In answer to Paragraph 17 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

18. In answer to Paragraph 18 of the Complaint, the County admits that Plaintiff is employed by the County, but denies the remaining allegations in the manner and form alleged.

19. In answer to Paragraph 19 of the Complaint, the County admits that Plaintiffs are formerly or currently employed by the County, but aver the remaining allegations merely constitute a legal conclusion to which no answer is required.

20. In answer to Paragraph 20 of the Complaint, the County denies that the Plaintiffs or others are similarly situated, that collective or class certification is appropriate, or that these Plaintiffs are appropriate representative Plaintiffs. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

## JURISDICTION AND VENUE

21. In answer to Paragraph 21 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

22. In answer to Paragraph 22 of the Complaint, the County admits that this Court has jurisdiction over this matter, but avers that Count III and the Page County Fire & EMS should be dismissed for the reasons stated in the Motion to Dismiss.

23. In answer to Paragraph 23 of the Complaint, the County admits that this Court has supplemental jurisdiction over the state law claims asserted, but avers that Count III and the Page County Fire & EMS should be dismissed for the reasons stated in the Motion to Dismiss..

24. In answer to Paragraph 24 of the Complaint, the County admits that this Court has jurisdiction over this matter, but avers that Count III and the Page County Fire & EMS should be dismissed for the reasons stated in the Motion to Dismiss.

25. In answer to Paragraph 25 of the Complaint, the County admits that venue is proper in this Court but denies that it took any acts that give rise to a claim on behalf of Plaintiffs or any other putative plaintiffs.

**CLASS AND COLLECTIVE REPRESENTATIVE ACTION ALLEGATIONS**

26. In answer to Paragraph 26 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a collective class should be certified in this matter. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

27. In answer to Paragraph 27 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a collective class should be certified in this matter. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

28. In answer to Paragraph 28 of the Complaint, the County denies the allegations contained therein.

29. In answer to Paragraph 29 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

30. In answer to Paragraph 30 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

31. In answer to Paragraph 31 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

32. In answer to Paragraph 32 of the Complaint, the County denies the allegations contained therein.

33. In answer to Paragraph 33 of the Complaint, the County avers that the allegations merely state legal conclusions to which no answer is required.

34. In answer to Paragraph 34 of the Complaint, the County denies that Plaintiffs are appropriate representative plaintiffs or that this matter should be conditionally certified as a collective action.

35. In answer to Paragraph 35 of the Complaint, the County avers that the allegations merely state legal conclusions to which no answer is required.

36. In answer to Paragraph 36 of the Complaint, the County avers that the allegations merely state legal conclusions to which no answer is required.

## RULE 23 VOWA CLASS ACTION ALLEGATIONS

37. In answer to Paragraph 37 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a class action should be certified in this matter. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

38. In answer to Paragraph 38 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a class action should be certified in this matter. The

5

County avers the remaining allegations constitute legal conclusions to which no answer is required.

39. In answer to Paragraph 39 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required, but the County denies that this matter should proceed as a class action under Rule 23.

40. In answer to Paragraph 40 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required, but the County denies that this matter should proceed as a class action under Rule 23.

41. In answer to Paragraph 41 of the Complaint, the County denies the allegations contained therein.

42. In answer to Paragraph 42 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

43. In answer to Paragraph 43 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

44. In answer to Paragraph 44 of the Complaint, the County denies the allegations contained therein.

45. In answer to Paragraph 45 of the Complaint, the County denies the allegations contained therein.

46. In answer to Paragraph 46 of the Complaint, the County denies the allegations contained therein.

47. In answer to Paragraph 47 of the Complaint, the County denies the allegations contained therein.

48. In answer to Paragraph 48 of the Complaint, the County denies the allegations contained therein.

49. In answer to Paragraph 49 of the Complaint, the County denies the allegations contained therein.

50. In answer to Paragraph 50 of the Complaint, the County denies the allegations contained therein.

51. In answer to Paragraph 51 of the Complaint, the County denies the allegations contained therein.

## **RULE 23 VWPA CLASS ACTION ALLEGATIONS**

52. In answer to Paragraph 52 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a class action should be certified in this matter. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

53. In answer to Paragraph 53 of the Complaint, the County denies that the Plaintiffs or others are similarly situated or that a class action should be certified in this matter. The County avers the remaining allegations constitute legal conclusions to which no answer is required.

54. In answer to Paragraph 54 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required, but the County denies that this matter should proceed as a class action under Rule 23.

55. In answer to Paragraph 55 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required, but the County denies that this matter should proceed as a class action under Rule 23.

56. In answer to Paragraph 56 of the Complaint, the County denies the allegations contained therein.

57. In answer to Paragraph 57 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

58. In answer to Paragraph 58 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

59. In answer to Paragraph 59 of the Complaint, the County denies the allegations contained therein.

60. In answer to Paragraph 60 of the Complaint, the County denies the allegations contained therein.

61. In answer to Paragraph 61 of the Complaint, the County denies the allegations contained therein.

62. In answer to Paragraph 62 of the Complaint, the County denies the allegations contained therein.

63. In answer to Paragraph 63 of the Complaint, the County denies the allegations contained therein.

64. In answer to Paragraph 64 of the Complaint, the County denies the allegations contained therein.

65. In answer to Paragraph 65 of the Complaint, the County denies the allegations contained therein.

66. In answer to Paragraph 66 of the Complaint, the County denies the allegations contained therein.

**FACTUAL ALLEGATIONS**

67. In answer to Paragraph 67 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

68. In answer to Paragraph 68 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

69. In answer to Paragraph 69 of the Complaint, the County avers that the allegations merely state a legal conclusion which is denied in the manner and form alleged.

70. In answer to Paragraph 70 of the Complaint, the County avers that the allegations merely state a legal conclusion which is denied in the manner and form alleged.

71. In answer to Paragraph 71 of the Complaint, the County avers that the allegations merely state a legal conclusion which is denied in the manner and form alleged.

72. In answer to Paragraph 72 of the Complaint, the County denies the allegations contained therein.

73. In answer to Paragraph 73 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

74. In answer to Paragraph 74 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

75. In answer to Paragraph 75 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

76. In answer to Paragraph 76 of the Complaint, the County denies that it willfully disregarded the FLSA and denies the remaining allegations contained therein in the manner and form alleged.

77. In answer to Paragraph 77 of the Complaint, the County avers that the allegations are incomplete, and no answer is required.

78. In answer to Paragraph 78 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

79. In answer to Paragraph 79 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

80. In answer to Paragraph 80 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

81. In answer to Paragraph 81 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

82. In answer to Paragraph 82 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

83. In answer to Paragraph 83 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

84. In answer to Paragraph 84 of the Complaint, the County avers that it properly paid overtime, and therefore, denies the allegations contained therein in the manner and form alleged.

85. In answer to Paragraph 85 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

86. In answer to Paragraph 86 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

87. In answer to Paragraph 87 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

88. In answer to Paragraph 88 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

89. In answer to Paragraph 89 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

90. In answer to Paragraph 90 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

91. In answer to Paragraph 91 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

92. In answer to Paragraph 92 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

93. In answer to Paragraph 93 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

94. In answer to Paragraph 94 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

95. In answer to Paragraph 95 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

96. In answer to Paragraph 96 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

97. In answer to Paragraph 97 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

98. In answer to Paragraph 98 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

## **COUNT I**

99. In answer to Paragraph 99 of the Complaint, the County incorporates its answers to paragraphs 1 – 98 of the Complaint as if fully set forth herein.

100. In answer to Paragraph 100 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

101. In answer to Paragraph 101 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

102. In answer to Paragraph 102 of the Complaint, the County admits the allegations therein.

103. In answer to Paragraph 103 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

104. In answer to Paragraph 104 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

105. In answer to Paragraph 105 of the Complaint, the County denies the allegations contained therein.

106. In answer to Paragraph 106 of the Complaint, the County denies the allegations contained therein.

107. In answer to Paragraph 107 of the Complaint, the County denies the allegations contained therein.

108. In answer to Paragraph 108 of the Complaint, the County denies the allegations contained therein.

## COUNT II

109. In answer to Paragraph 109 of the Complaint, the County incorporates its answers to paragraphs 1 – 108 of the Complaint as if fully set forth herein.

110. In answer to Paragraph 100 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

111. In answer to Paragraph 111 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

112. In answer to Paragraph 112 of the Complaint, the County denies the allegations therein in the manner and form alleged.

113. In answer to Paragraph 113 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

114. In answer to Paragraph 114 of the Complaint, the County denies the allegations contained therein.

115. In answer to Paragraph 115 of the Complaint, the County denies the allegations contained therein in the manner and form alleged.

116. In answer to Paragraph 116 of the Complaint, the County denies the allegations contained therein.

117. In answer to Paragraph 117 of the Complaint, the County denies the allegations contained therein.

118. In answer to Paragraph 118 of the Complaint, the County denies the allegations contained therein.

119. In answer to Paragraph 119 of the Complaint, the County denies the allegations contained therein.

## **COUNT III**

120 In answer to Paragraph 120 of the Complaint, the County incorporates its answers to paragraphs 1 – 119 of the Complaint as if fully set forth herein.

121. In answer to Paragraph 121 of the Complaint, the County avers that the allegations merely state a legal conclusion to which no answer is required.

122. In answer to Paragraph 122 of the Complaint, the County denies the allegations therein.

123. In answer to Paragraph 123 of the Complaint, the County denies the allegations therein.

124. In answer to Paragraph 124 of the Complaint, the County denies that the VWPA applies to the County and therefore denies the remaining allegations contained therein in the manner and form alleged.

125. In answer to Paragraph 125 of the Complaint, the County denies the allegations contained therein.

126. In answer to Paragraph 126 of the Complaint, the County denies the allegations contained therein.

127. In answer to Paragraph 127 of the Complaint, the County denies the allegations contained therein.

128. In answer to Paragraph 128 of the Complaint, the County denies the allegations contained therein.

129. The County denies all allegations contained in, and rights to relief raised in, the Prayer for Relief, including paragraphs A – K. The County further affirmatively denies that this action should proceed as a class or collective action.

## SPECIAL AND AFFIRMATIVE DEFENSES

130. The County denies all allegations not specifically admitted herein, including allegations in any unnumbered paragraphs.

131. The County denies that it is indebted to Plaintiffs in the amount claimed or in any amount for the reasons stated or for any reason.

132. The County avers that Plaintiffs have failed to state a cause of action upon which relief can be granted. The County incorporates its Motion to Dismiss as if fully set forth herein.

133. The FLSA preempts the claim under the VOWA.

134. The County avers that all actions were taken in good faith and based on legitimate reasons and were not based on any illegal, wrongful or willful motives or consideration.

135. Plaintiffs to the extent shown by the evidence are exempt from overtime pay under 29 U.S.C. §207 (k).

136. Plaintiffs are not representative of the class they propose to represent, such that their request to be appointed as class representatives should be denied.

137. The County has properly compensated Plaintiffs and the purported class for overtime and all time spent on work-related tasks.

138. No notice should be issued in this case to purported "Collective Action Members" because the Plaintiff has not stated sufficient facts to demonstrate that any other individual is similarly situated to the Plaintiff, and because of the necessity of individualized factual determination as to each member of the potential class. The County reserves the right to oppose certification and file a memorandum opposing certification should the Plaintiffs move for certification.

139. The County avers that, in the alternative and to the extent demonstrated by the evidence, the Plaintiffs' claims, and the claims of "Collective Action Members" or "Class Plaintiffs", if any, or parts of them are barred by the applicable statutes of limitations.

140. The County avers that the Plaintiffs, and the alleged "similarly situated" individuals, if any, are exempt from overtime pay requirements.

15

141. The claims of the Plaintiff and the alleged "similarly situated" individuals, if any, are barred because any acts or omissions by the County were in good faith conformance with a written administrative regulation, order, ruling, approval, or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor, or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which the County employs.

142. The County avers that it is entitled to sovereign immunity which bars Plaintiffs' claims.

143. The County will rely on any and all properly provable defenses to this action which are revealed through investigation, discovery, or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the forgoing reasons, the County of Page, Virginia, by counsel, respectfully requests judgment in its favor with costs and attorney fees expended to the extent permitted by law.

**TRIAL BY JURY IS DEMANDED.**

**PAGE COUNTY FIRE & EMS,
COUNTY OF PAGE, VIRGINIA**

By Counsel

/s/ Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Counsel for Page County Fire & EMS, County of Page, Virginia
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

## **C E R T I F I C A T E**

   I hereby certify that on the 23rd day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Joshua Erlich, Esq.
>The Erlich Law Office, PLLC
>2111 Wilson Boulevard, Suite 700
>Arlington, VA 22201
>703-791-9087 - Phone
>703-722-8114 - Fax
>jerlich@erlichlawoffice.com
>
>Zev H. Antell, Esq. (VSB No. 74634)
>Craig Juraj Curwood, Esq. (VSB No. 43975)
>Butler Curwood, PLC
>140 Virginia Street, Suite 302
>Richmond, VA 23219
>804-648-4848 - Phone
>804-237-0413 - Fax
>zev@butlercurwood.com
>craig@butlercurwood.com
>
>Katherine L Herrmann, Esq.
>The Erlich Law Office
>1550 Wilson Boulevard, Suite 700
>Arlington, VA 22209
>703-791-9087 - Phone
>703-722-8114 - Fax
>kerrrmann@erlichlawoffice.com

>>/s/ Jeremy D. Capps
>>Jeremy D. Capps (VSB No. 43909)
>>Melissa Y. York (VSB No. 77493)
>>Counsel for Page County Fire & EMS, County of Page, Virginia
>>Harman, Claytor, Corrigan & Wellman
>>P.O. Box 70280
>>Richmond, Virginia  23255
>>804-747-5200 - Phone
>>804-747-6085 - Fax
>>jcapps@hccw.com
>>myork@hccw.com

17