CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

Madison Whitfield, *et al.*,  )
                              )
        Plaintiffs,  )
                              )
v.                            )   Civil Action No. 5:24-cv-00048
                              )
County of Page, Virginia,     )
                              )
        Defendant.   )

# SCHEDULING ORDER

## Summary

Trial Date:        November 17–21, 2025 at 9:30 a.m.

Location:          United States District Court
                   116 N. Main Street
                   Harrisonburg, Virginia 22802

Deadlines:

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(f) Conference | 14 days from this order |
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | 30 days from this order |
| Plaintiff's Initial Expert Disclosure | 80 days from this order |
| Defendant's Initial Expert Disclosure | 110 days from this order |
| Deadline to Complete Discovery | 90 days before trial date |
| Deadline to File Dispositive Motions | 80 days before trial date |
| Deadline for Hearing Dispositive Motions | 45 days before trial date |

## Mediation

1. The court encourages the parties to engage in settlement discussions. The case may be referred for mediation at the request of either party, or on the court's own motion. Mediation of the case shall proceed independently of all other pretrial development and shall not modify or stay the scheduling provision of any pretrial order, except upon demonstration of exceptional cause. *See* W. D. Va. Civ. R. 83.

## Discovery

2. Unless the parties stipulate otherwise, they must meet and confer and develop a discovery plan as required by Federal Rule of Civil Procedure 26(f) and make initial disclosures as required under Rule 26(a)(1) and within the deadlines set forth in this order.

3. The court proposes the above deadlines as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). The court may amend this order on its own motion, or the parties may request its amendment in accordance with an agreed and filed Rule 26(f) written discovery plan within **10** days from the date of this order. Absent the court's express order otherwise, this Scheduling Order shall remain the controlling order for all discovery deadlines.[1]

4. All discovery must be completed at least **90** days before trial. This schedule requires that the parties serve all written discovery with enough time to allow the responding party to respond on or before the deadline to complete discovery.

5. Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties

---

[1] If this case proceeds to trial, the court will issue a separate Trial Order outlining the remaining deadlines, pretrial procedures, and the date of the final pretrial conference.

**must** file, the parties shall not file discovery and disclosure materials unless they are relevant to the court's determination of a motion.

### Expert Witnesses

6. Expert witnesses who are retained or specially employed to provide expert testimony in this case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree, or the court otherwise directs, the plaintiff must disclose the written report of each expert no later than **80** days from the date of this order, and the defendant must disclose the written report of each expert no later than **110** days from the date of this order.

7. With respect to expert witnesses who are not retained or specially employed to provide expert testimony (such as a treating physician) or other persons who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) no later than **80** days from the date of this order. The defendant must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) no later than **110** days from the date of this order.

8. All expert disclosures must be submitted in sufficient time that discovery can be completed reasonably before the discovery cutoff date without undue duplication and expense.

9. Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for

3

summary judgment.

## Motions

10. A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

11. If an opposed motion has been filed before the entry of this order without legal argument to support it, the movant must file a supporting brief within **14** days of the date of this order or the court will deny the motion without prejudice.

12. If a party opposes a motion, the nonmovant must file a brief in opposition within **14** days of the date of service of the movant's brief (or within **14** days of this order if the moving party served a motion and supporting brief before the entry of this order).  Except for good cause shown, if the nonmovant does not timely file an opposition brief, the court will consider the motion to be unopposed.

13. If the moving party desires to submit a reply brief, it must do so within **7** days of the date of service of the opposition brief.

14. Parties may not file surreply briefs without prior leave of court.

15. Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using one-inch margins, double-spaced lines, and at least 12-point font, unless the filing party first obtains leave of court after showing good cause why a longer brief is necessary.

16. When a dispositive motion, together with its supporting brief and exhibits, consists of more than 50 pages, the filing party must send a courtesy paper copy of the documents

to the following address:

> United States District Court for the Western District of Virginia
> Attention: Judge Yoon's Chambers
> 255 W. Main Street, Suite 320
> Charlottesville, Virginia 22902

Additionally, if a party cites a deposition in any filing for a dispositive motion, the party must, regardless of the length of the entire filing, send a courtesy paper copy of the cited deposition transcript to the above address. Any audio or video exhibits must be submitted via Box.com, and any party submitting such evidence must obtain a link to upload the files from the clerk (Desiree_Audia@vawd.uscourts.gov) within **2** days of filing a motion or brief that relies on such evidence.

17. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of the United States District Court for the Western District of Virginia's General Local Rule 9. The requirements of Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

18. All nondispositive pretrial motions and issues are hereby referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). Prior to filing any discovery motions, the parties are directed to contact Judge Hoppe's chambers by email in an effort to resolve the issue. The parties shall contact Judge Hoppe's chambers by email at hoppe.ecf@vawd.uscourts.gov, copying counsel of record and any pro se parties. The court, in its discretion, may also refer dispositive motions to Judge Hoppe pursuant to 28 U.S.C. § 636(b)(1)(B).

19. The parties may contact the clerk (Desiree_Audia@vawd.uscourts.gov), no later than **14** days after the filing of the last brief on the motion to request a hearing. If the court

5

Case 5:24-cv-00048-JHY-JCH   Document 18   Filed 12/02/24   Page 6 of 7
Pageid#: 98

    determines, following a request or sua sponte, that a hearing on the filed motion may be necessary, it will contact the parties within a few weeks after the filing of the last brief on the motion to schedule a hearing. In all other cases, motions will be decided on the briefs.

20. The court may act upon nondispositive motions, including motions for enlargement of time, whether or not opposed, at any time without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification.

21. Dispositive motions must be filed no later than **80** days before trial and heard no later than **45** days before trial.

22. Proposed orders filed through CM/ECF during the course of litigation should also be sent separately in Word format by email to yoon.ecf@vawd.uscourts.gov.

## Amendment of Pleadings

23. Except for good cause shown, any motion to amend the pleadings must be filed no later than **45** days from the date of this order.

## Status Conference

24. The court will hold a status conference approximately **30** days before the close of discovery. The parties are directed to confer and contact the clerk (Desiree_Audia@vawd.uscourts.gov) approximately **60** days before the close of discovery to set a date for the status conference. At the status conference, the parties should advise the court on their progress in discovery, any obstacles to completing discovery, anticipated dispositive motions, and the status of any settlement negotiations.

## Settlement

25. The parties should notify the court promptly if this case is settled. Any notice of voluntary

dismissal *must* be filed by the plaintiff. *See* Fed. R. Civ. P. 41. If the court does not receive a notice of voluntary dismissal within **30** days of notice of the settlement, the court will dismiss the case with prejudice without further notice.

**IT IS SO ORDERED.**

ENTERED this 2nd day of December, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE