IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

MADISON WHITFIELD, MORGAN
COFFMAN, ANGELA WAMPLER,
ALLISHA SHIFFLETT, NATHAN
STILLMAN, MICHAEL SELBY,
MAEGHAN KISLING, DALE HOUSDEN,
TERRY CHAPMAN, DEREK FRANKS,
JAEGER SCHUTT, AND BRANDON
REIFSNYDER,

    Plaintiffs,

v.                                                                    Case No. 5:24-cv-00048

COUNTY OF PAGE, VIRGINIA,

    Defendant.

**<u>SETTLEMENT AGREEMENT</u>**

This Settlement Agreement ("Agreement") is made and entered into by and among the

Plaintiffs in the above-captioned case, who are identified on Exhibit A attached hereto, and who

are all persons who have consented to be party Plaintiffs in the above-captioned case, and

Defendant County of Page, Virginia ("the County") (collectively "Parties"), and is based on the

following:

## I.    RECITALS

1.1    The County is a body politic of the Commonwealth of Virginia with the responsibility of establishing, maintaining, and operating the government for its residents.  The County is a member of the VAcorp, a self-insurance pool.

1.2    Plaintiffs are 17 individuals employed or formerly employed by the County.  On January 17, 2025, they filed a complaint in the United States District Court for the Western District of Virginia, Harrisonburg Division, ("Lawsuit") seeking overtime pay pursuant to the Fair Labor Standards Act ("FLSA") and the Virginia Overtime Wage Act ("VOWA").

1.3    Plaintiffs have made certain allegations and accusations concerning their employment with the County regarding an asserted failure to pay overtime compensation properly under the FLSA, 29 U.S.C. § 201 *et seq.* and VOWA.

1.4    The Court ordered the Plaintiffs and the County to attempt to resolve the matter through mediation.

1.5    The Parties entered mediation with the assistance of U.S. Magistrate Judge Hoppe on November 20, 2025. Counsel for the Parties, as well as representatives of the Parties who were authorized to agree to a settlement that they could recommend to the absent party Plaintiffs and to the County, respectively, participated. The Parties have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of Plaintiffs' FLSA and VOWA claims with prejudice. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.6    The Parties, through their counsel, hereby seek judicial approval of this Settlement Agreement. In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or otherwise fails to become effective for any reason, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.    <u>PAYMENT AND DISTRIBUTION</u>

2.1    In consideration for the terms, conditions and promises in this Agreement, VAcorp, on behalf of the County,  shall, in accordance with the paragraphs in this section, pay or will cause to be paid to Plaintiffs One Hundred Fifty-Five Thousand dollars and no cents ($155,000.00) to resolve all claims for FLSA and Virginia state law wage and hour damages allegedly accruing for the period from June 30, 2021 through the date this agreement is executed ("the Settlement Amount"), inclusive of backpay, liquidated damages, service awards, attorneys' fees, and litigation expenses. The Settlement Amount will be divided and distributed to Plaintiffs as follows:

(A) checks made payable to the Plaintiffs in the amounts set forth in Schedule A ; and

(B) a check made payable to Butler Curwood, PLC for attorneys' fees and expenses associated with this litigation in the amount of $67,854.24.

The individual amounts of liquidated damages are to be calculated pursuant to the formula set forth in paragraph 2.4. These amounts are agreed to among the Parties to compromise, settle and satisfy the Released Claims described in paragraph 3.1 below, liquidated damages related to the Released Claims, and all attorneys' fees and expenses related to the Released Claims.

2.2    Assuming the Court approves the Settlement Agreement, the total Settlement Amount will be paid within 30 days of the date that the Court enters an Order approving this Agreement.

2.3    Within five (5) days of the date the Parties submit their joint motion for Settlement Approval, Plaintiffs shall tender, by overnight mail, e-mail attachment or hand delivery, to Counsel for the County, the following document to effectuate payment of the settlement amounts referenced in paragraph 2.1: a listing of the distribution amounts to each individual Plaintiff, and a signed IRS Form W-9.

2.4    For purposes of computing damages, each Plaintiff will receive 50% of the gross amount the County already paid him/her for his/her past overtime earned between October 2020 through October 2023, as represented by counsel for the County .

2.5    Plaintiffs and their Counsel will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from the distribution of settlement funds.

2.6    The County shall distribute to each Plaintiff receiving liquidated damages a Miscellaneous Income Form 1099 reflecting the amount paid to the Plaintiff as liquidated damages inclusive of the contingency attorneys' fees paid. Each Plaintiff agrees that he or she will be responsible for his or her individual tax liability associated with the liquidated damages payments made to him or her under this Agreement. Plaintiffs agree that they shall hold harmless the County and VAcorp in the event of any dispute concerning whether taxes are owed by any Plaintiff on the liquidated damages part of the settlement.

2.7    All payments to Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by Plaintiffs. It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Plaintiff to additional compensation or benefits

4

under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle any Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits. It is also expressly understood and agreed that no pension contributions shall be taken from the backpay payments. It is the intent of this Agreement that the settlement payments provided for in this Agreement are the sole payments to be made to Plaintiffs, and that Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement.

### III.    RELEASE AND COVENANT NOT TO SUE

3.1    All Plaintiffs for themselves, and their spouses and families, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the County, its present or former Board members, officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, insurers, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all Federal wage and hour claims asserted in the Lawsuit, and all federal, state and/or local statutory wage and hour claims that could have been asserted in the Lawsuit arising from the beginning of time up to and through the date this Agreement is effectuated, for the time period Plaintiffs worked in a covered position for the Defendant.

3.2    All Plaintiffs shall be deemed to and shall have waived, released, discharged, and dismissed all released claims as set forth in Paragraph 3.1, with full knowledge of any and all rights

they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved or with regard to any facts which are now unknown to them.

3.3     All Plaintiffs understand and agree that to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal, or other authority arising out of the Released Claims for the time period beginning June 30, 2021, through the date this Agreement is effectuated, with respect to the claims asserted in the Lawsuit. Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies.

3.4     All Plaintiffs agree that they are entering this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to consult with an attorney.

## IV.    <u>DISMISSAL OF CLAIMS</u>

4.1     Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against the County as specified in paragraph 3.1 with prejudice.

## V.    <u>NO ADMISSION OF LIABILITY</u>

5.1     The County does not admit any allegations made against it in the Lawsuit. Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

## VI.    <u>CONTINUED JURISDICTION</u>

6.1    Magistrate Judge Hoppe of the U.S. District Court for the Westtern District of Virginia, Harrisonburg Division, shall have continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant actions.

## VII.    <u>PARTIES' AUTHORITY</u>

7.1    The signatories hereby represent that they are fully authorized to enter this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VIII.    <u>MUTUAL FULL COOPERATION</u>

8.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.    <u>CONFIDENTIALITY AND AGREED STATEMENT</u>

9.1    Except as may be disclosed in the documents filed with the Court relating to this Agreement, the Parties agree to keep the facts and contents of this Agreement confidential to the maximum extent permitted by law.  The terms of this agreement shall not be made public or disclosed by the Parties by any means whatsoever, including to any media outlet, or internet or social

media platform.  The Parties agree that if any statement is made concerning the resolution of this matter, it shall be a joint release the following statement following approval of the settlement: "The County is pleased to report that, thanks to the County's insurance coverage, the  County lawsuit has been resolved to the mutual satisfaction of all parties.  The County and the Plaintiffs look forward to continuing to provide high-quality Fire and EMS services to its residents and visitors."

9.2     This agreement shall not be disclosed by the Parties, or their attorneys or agents, to any person or entity, except (1) as required by law or by a state or federal court, (2) as needed to obtain advice from a financial advisor, accountant, or attorney, (3) to immediate family members, (4) as necessary to defend themselves in any litigation, administrative proceeding, or other legal proceeding, or (5) in the case of the County, those necessary to carry out the obligations pursuant to this Agreement including their insurance providers (collectively the "Privileged Individuals").

9.3     The Parties acknowledge the materiality of the confidentiality provisions, and further acknowledge that the disclosure of the terms of this Agreement except as authorized herein, would constitute a material breach of this Agreement entitling the other party to pursue legal action for damages.

## X.     VIRGINIA FREEDOM OF INFORMATION ACT

10.1     The Parties acknowledge that the County is subject to the Virginia Freedom of Information Act ("VFOIA").  The Parties agree that this Agreement is attorney work product and personnel information concerning an identifiable individual involving a compromise settlement of personnel-related claims.  This Agreement is therefore exempt under VFOIA, and may be withheld by the County if a copy of this Agreement is requested.  Should the County be ordered by a court of law having proper jurisdiction of the matter to release or turn over the document to the court or another party, or be advised by its counsel to disclose it outside of legal proceeding, such a release by the County shall not be a breach of this Agreement.

8

## XI.   ENFORCEMENT ACTIONS

11.1   In the event that one or more of the Parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XII.   MODIFICATION

12.1   This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## XIII.   ENTIRE AGREEMENT

13.1   This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling. This Agreement may be executed in counterparts. Scanned or photocopies of original signatures, or electronic or digital signatures, shall be deemed as original signatures.

## XIV.   CHOICE OF LAW/JURISDICTION

14.1   This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Virginia, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Western District of Virginia, Harrisonburg Division. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any

party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XV.    <u>VOIDING THE AGREEMENT</u>

15.1    In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

COUNTY OF PAGE VIRGINIA:

By: _____

Its: _____

Dated: _____

PLAINTIFFS:

| _____ | _____ |
|---|---|
| Brooking, Blake | Date |
| Chapman, Terry | Date |
| Coffman, Morgan | Date |
| Franks, Derek | Date |
| Housden, Dale | Date |
| Huffer (Taylor), Ashley | Date |
| Kisling, Maeghan | Date |
| Reifsnyder, Brandon | Date |
| Schutt, Jaeger | Date |

_____          _____
Selby, Michael                          Date

_____          _____
Shenk, Odessa                           Date

_____          _____
Shifflett, Allisha                      Date

_____          _____
Shifflett, Nicholas                     Date

_____          _____
Stillman, Nathan                        Date

_____          _____
Wampler, Angela                         Date

_____          _____
Whitfield, Madison                      Date

_____          _____
Zook, Ethan                             Date

## **Schedule A**

| Name | Settlement Amount |
|---|---|
| Brooking, Blake | $ 5,423.98 |
| Chapman, Terry | $ 2,226.92 |
| Coffman, Morgan | $ 7,670.17 |
| Franks, Derek | $ 6,879.53 |
| Housden, Dale | $ 4,316.35 |
| Huffer (Taylor), Ashley | $ 2,626.18 |
| Kisling, Maeghan | $ 5,485.20 |
| Reifsnyder, Brandon | $ 8,375.82 |
| Schutt, Jaeger | $ 3,022.69 |
| Selby, Michael | $ 8,240.77 |
| Shenk, Odessa | $ 6,933.67 |
| Shifflett, Allisha | $ 2,809.74 |
| Shifflett, Nicholas | $ 3,404.47 |
| Stillman, Nathan | $ 7,823.92 |
| Wampler, Angela | $ 4,129.32 |
| Whitfield, Madison | $ 3,198.34 |
| Zook, Ethan | $ 4,578.74 |
| **Total to Plaintiffs** | **$ 87,145.77** |

| | |
|---|---|
| **Attorneys' Fees/Costs** | **$ 67,854.24** |

| | |
|---|---|
| **Total Settlement** | **$ 155,000.00** |