CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Madison Whitfield *et al.*, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 5:24-cv-00048 |
| County of Page, Virginia | ) ) ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the court on the Joint Motion for Approval of Settlement and Dismissal with Prejudice filed by Plaintiffs Madison Whitfield, Morgan Coffman, Angela Wampler, Allisha Shifflett, Nathan Stillman, Michael Selby, Maeghan Kisling, Dale Housden, Terry Chapman, Derek Franks, Jaeger Schutt, and Brandon Reifsnyder ("Named Plaintiffs"), and Defendant County of Page, Virginia ("Page County"). (Dkt. 37.) The parties reached a settlement through a settlement conference with United States Magistrate Judge Joel C. Hoppe on November 20, 2025. (*See* Dkt. 33.) For the reasons discussed below, the court grants the motion.

**I.     Background**

On June 30, 2024, the Named Plaintiffs filed suit for unpaid overtime wages, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2, and the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29. (Compl. ¶ 1 (Dkt. 1).) The Named Plaintiffs brought this action on behalf of themselves and other similarly situated Emergency Medical Technicians ("EMTs") who were or are employed by Page County Fire & EMS. (*Id.* ¶ 20.)

The Named Plaintiffs alleged that Defendant paid them as partially exempt fire protection employees instead of as non-exempt employees, which resulted in unpaid overtime. (Mem. in Supp. of Joint Mot. for Approval of Settlement Agreement and for Dismissal with Prejudice at 1–2, 5 (Dkt. 38) [hereinafter "Joint Br."].) Defendant denies Plaintiffs' allegations and claims that it properly availed itself of the partial exemption. (*Id.* at 5.)

After the Named Plaintiffs filed suit, Defendant conducted an investigation and ultimately issued checks for back wages to affected employees. (*Id.* at 2.) The parties engaged in informal settlement negotiations thereafter and Defendant provided wage and payroll data to Plaintiffs' counsel. (*Id.* at 2, 6.) After attending a settlement conference with Judge Hoppe, the parties reached a settlement agreement resolving all claims and issues between the parties. (*Id.* at 2.)

## II.    Standard of Review

Settlement of an FLSA claim must be supervised by the Secretary of Labor or approved by a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)); *Jones v. 573 LLC*, No. 7:22-cv-00486, 2022 WL 17540269, at *1 (W.D. Va. Dec. 8, 2022). District courts in the Fourth Circuit have generally followed the guidelines for FLSA settlement approval set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) ("Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." (cleaned up).)

Courts undertake this review to ensure that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel*, 15 F. Supp. 3d at 654 (citing *Lynn's Food Stores*, 679 F.2d at 1355). The analysis can be broken down into three steps; the district court must determine: (1) whether there are FLSA issues actually in dispute, (2) whether the settlement is a fair and reasonable compromise over the issues, and (3) whether the attorney's fees, if included in the settlement agreement, are reasonable. *Duprey*, 30 F. Supp. 3d at 408 (citations omitted).

### III.    Analysis

Courts have found a *bona fide* FLSA dispute where the parties disagree as to whether the plaintiff is entitled to liquidated damages under the FLSA. *See, e.g., Saint-Preux v. Kiddies Kollege Christian Ctr.*, No. PWG-16-3276, 2017 WL 2693484, at *2 (D. Md. June 21, 2017). Here, although Defendants appear to have issued back pay to at least some of the Plaintiffs, (*see* Joint Br. at 2), the parties disagree about whether the Plaintiffs are entitled to liquidated damages under FLSA, (*id.* at 6–7). Accordingly, the court finds a *bona fide* dispute between the parties over FLSA provisions.

In determining whether an FLSA settlement is fair and reasonable, there is a "strong presumption in favor of finding a settlement fair." *LaFleur*, 189 F. Supp. 3d at 593 (cleaned up). Courts typically weigh six factors in evaluating a settlement agreement of this nature, including (1) "the extent of discovery that has taken place"; (2) "the stage of the proceedings, including the complexity, expense, and likely duration of the litigation"; (3) "the absence of fraud or collusion in the settlement"; (4) "the experience of counsel who have represented the plaintiff[]"; (5) "the probability of plaintiff['s] success on the merits"; and (6) "the amount of

the settlement in relation to the potential recovery." *Id.* (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-01310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

Here, all six factors weigh in favor of approving the settlement. The parties exchanged wage and payroll data along with overtime calculation policies, which helped the parties support their respective positions and determine that a settlement was the optimal resolution of the matter. (Joint Br. at 2, 6.) Potential disputes over "decertification, liability, and damages" would have made the case more "complex, expensive, and protracted." (*Id.* at 6.) Settlement at this stage of the litigation through arms-length settlement negotiations provides significant monetary relief to Plaintiffs and saves both parties substantial legal expenses.

In the absence of any evidence to the contrary, courts presume that no fraud or collusion occurred between counsel. *See Lomascolo*, 2009 WL 3094955 at *12. Here too, the court finds no evidence of fraud or collusion—the parties negotiated over a period of months through informal discovery and reached settlement through a settlement conference with Judge Hoppe. (Joint. Br. at 6–7.) Plaintiffs' and Defendant's counsel have substantial experience litigating wage and hours cases in federal court, (*id.* at 8), and this experience weighs in favor of finding the settlement fair and reasonable. *Gholston v. Smithfield Foods, Inc.*, No. 2:21-cv-00194, 2022 WL 21842305, at *5 (E.D. Va. Nov. 2, 2022).

Evidence presented that a plaintiff faces significant hurdles to recovery under the FLSA weighs in favor of finding the settlement fair. *Patel*, 15 F. Supp. 3d at 656. If the parties pursued litigation, Defendant would have asserted that Plaintiffs were fire protection employees, for whom a different hour/day cycle is used to calculate overtime, and additionally would have argued that liquidated damages should not be available. (Joint Br. at 8.)

Considering these hurdles and the fact that Plaintiffs' success on the merits is not guaranteed, the court finds Plaintiffs' recovery of one half of their alleged liquidated damages to be reasonable and fair. (*See id.* at 8–9.) This brings "value and certainty" to Plaintiffs now and eliminates the risk of an adverse result at summary judgment or trial after protracted litigation. (*See id.*) Accordingly, for the above stated reasons, the court finds that the settlement is a fair and reasonable compromise over the issues presented in this case.

Finally, the court reviews the attorneys' fees included in the settlement agreement to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citation omitted). Courts typically use the lodestar method to review the fairness of the attorney's fees, and there is a strong presumption that the lodestar figure is reasonable. *See Philemon v. Veerapalli*, No. 3:22-cv-00025, 2023 WL 1930372, at *2 (W.D. Va. Feb. 10, 2023). The lodestar fee is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Plaintiffs' counsel's calculated lodestar fee is just under $90,000, and the settlement agreement allocates $67,854.24 to Plaintiffs' attorney's fees. (Joint Br. at 10.) FLSA cases are fact-intensive and require significant commitments of time and personnel to litigate. *Gholston*, 2022 WL 21842305, at *6. The court finds no evidence that the bargained-for fee is unreasonable, given the Plaintiffs' counsel's agreement to the reduction, the maximum settlement authority by the insurance carrier, and the significant relief the Plaintiffs will receive from the settlement.

Accordingly, the court finds that the attorney's fees included in the settlement agreement are reasonable.

### IV.   Conclusion

For the foregoing reasons, the court **GRANTS** the parties' joint motion for settlement approval. (Dkt. 37.) As requested by the parties, the court **DISMISSES** the case with prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

**ENTERED** this 9th day of February, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE